**David GORDON, Jacqueline Swiskey, Plaintiffs–Appellants,**

v.

**Brian PALUMBO, Niles Welikson, Horing Welikson & Rosen P.C., Carole A. Feil and Jeffrey Feil, as Executors of the Estate of Louis Feil, Carole A. Feil, and Jeffrey Feil, d/b/a Clermont York Associates, Andrew Rattner, Vi-**

**vian Tuliatos, Abe Rill, Jose Antonio Ruiz, also known as Tony, Carlos Guevara, Carl Lieberman, Nancy Lieberman, Brett Lieberman, Jay Anderson, as Trustee of the Feil Foundation, Alan Rosenbloom, Nicole Goz, Bernard J. Goz, Bella M. Goz, Stanley Kallmann, Brian J. Bolan, Gennet Kallmann Antin & Robinson, P.C., American International Group, Atlantic Mutual Insurance Company, Defendants–Appellees,**

**Louis Feil, Defendant.**

**No. 09–1469–cv.**

United States Court of Appeals, Second Circuit.

May 13, 2010.

David Gordon, New York, NY, pro se, for appellants.

Jacqueline Swiskey, New York, NY, pro se, for appellants.

Douglas R. Jensen, Park & Jensen LLP, New York, NY; Brendan Malley, Law Offices of Beth Zaro Green, Brooklyn, NY; Deborah E. Riegel, Rosenberg & Estis, P.C., New York, NY; Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C., Parsippany, NJ, for appellees.

PRESENT: DENNIS JACOBS, Chief Judge, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Appellants David Gordon and Jacqueline Swiskey, *pro se,* appeal the district court's grant of appellees' motion to dismiss their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Appellants also appeal the district court's denial of their request for recusal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

 We review *de novo* the district court's dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, accepting all factual allegations as true, and drawing all reasonable inferences in the non-movant's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002); *see also Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In applying these principles, we are mindful that *pro se* complaints should be read with "special solicitude" and interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–75 (2d Cir.2006) (internal quotation marks omitted) (per curiam). Nonetheless, in this case appellants' complaint was properly dismissed, as it does not plausibly state a claim for which relief can be granted.

This Court reviews a judge's refusal to recuse himself for abuse of discretion. *See Omega Eng'g, Inc. v. Omega, S.A.,* 432 F.3d 437, 447 (2d Cir.2005). We consider whether a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned. Taking into consideration all of the facts, the district judge did not abuse his discretion in denying appellants' request for recusal.

Finding no merit in appellants' remaining arguments, we hereby **AFFIRM** the judgment of the district court.